UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OLGA ZUNIGA,<br> Plaintiff, | § § § | |
| V. | § § | CASE NO. 1:18-cv-00434-RP |
| KEVIN PATRICK YEARY, in his Official<br>and Individual Capacities,<br> Defendant. | § § § § | |

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

 Plaintiff Olga Zuniga ("Ms. Zuniga" or "Plaintiff") brings this suit against Kevin Patrick Yeary ("Yeary"), in his Official and Individual Capacities and respectfully shows this Court as follows:

**I.
NATURE OF THE CASE**

 1. This is an employment case arising under the First Amendment of the United States Constitution and 42 U.S.C. § 1983. The Texas Court of Criminal Appeals, the state's highest appellate court for criminal cases, employed Olga Zuniga as an executive assistant performing secretarial duties for approximately 14 years. Defendant Judge Kevin Yeary was elected to the Court in 2014 and employed Ms. Zuniga as a secretary for approximately three years. Throughout her employment, the Court and Yeary regularly gave Ms. Zuniga strong, positive feedback about her performance until Yeary learned that Ms. Zuniga posted on Facebook about politics and matters of public concern. Yeary disagreed with Ms. Zuniga's political views and terminated Ms. Zuniga because she expressed those views on Facebook and/or because her political affiliation was different than his. The Constitution of the United States limits the power of government to control and

1

intrude on the lives of American citizens. Defendant Yeary has a sworn duty to uphold the Constitution. Instead, Yeary violated the First Amendment of the Constitution and ended the career of a public servant for exercising her right to free speech. Defendant's actions were devastating to Ms. Zuniga. This suit seeks justice for Defendant's unconstitutional and illegal actions.

## II.
## PARTIES AND SERVICE

2. Plaintiff Olga Zuniga is a resident of Travis County, Texas.

3. Defendant Kevin Patrick Yeary is an individual who is a citizen of Texas and who works and performs in his official capacity in Travis County, Texas. At all times relevant to this suit, Yeary worked and served as the Place 4 Judge on the Texas Court of Criminal Appeals. Yeary has accepted service of citation in this case.

## III.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. The events establishing the basis for this suit occurred in Travis County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## FACTS

6. The Texas Court of Criminal Appeals employed Ms. Zuniga as an executive assistant/secretary to the Place 4 Judge on the Court for approximately 14 years, since approximately 2003. Before working for the Court of Criminal Appeals, the State of Texas and the Texas Attorney General employed Ms. Zuniga as a legal secretary for approximately 14 years.

7. As an executive assistant at the Court of Criminal Appeals, Ms. Zuniga's job duties

2

consisted of filing, copying, preparing documents, calendaring appointments and other clerical, administrative or secretarial-type duties. Ms. Zuniga did not decide cases or participate in making legal decisions or rulings in cases before the Court.

8. The Court of Criminal Appeals regularly gave Ms. Zuniga strong, positive feedback about her performance. The Court of Criminal Appeals never wrote Ms. Zuniga up or disciplined her during her many years of employment, to the best of her recollection.

9. The judges of the Court of Criminal Appeals are elected to their positions in partisan political elections. Defendant Yeary was elected to Place 4 on the Court in 2014 and he became Ms. Zuniga's supervisor.

10. After Yeary was elected in 2014, he continued to employ Ms. Zuniga as his executive assistant for approximately 3 years. Yeary did not raise any notable issues about Ms. Zuniga's employment or performance until approximately around the 2016 national presidential election.

11. Defendant Yeary is a member of the Republican political party, ran for election to Court as a Republican candidate and actively campaigned in the Republican Party. Defendant Yeary frequently and publicly posted on social media, including Facebook, about politics and his support of Republican politicians. For example, Yeary has a Facebook page on which he has posted numerous photos of Republican politicians including Texas Senators Ted Cruz and John Cornyn, and former Governor Rick Perry. There are also numerous photos of Yeary promoting and appearing at Republican Party political events, and one in which he is standing in front of political signs for Republican candidates, including Cruz and Texas Governor Greg Abbott. Yeary in one Facebook post refers favorably to Fox News, a media outlet known for its conservative political views and support for Republican politicians and positions.

12. In addition to Yeary's Facebook posts, there are also several Twitter accounts online

3

for "Kevin Yeary" which may be those of Defendant Yeary. On these accounts, it appears Defendant Yeary has publicly "Liked" numerous political tweets by President Trump, posted a picture of Trump, and "Liked" posts referring to "Low IQ Democrats" and "Dumbasses on the Internet."

13. In spite of Yeary's political postings and status as a Republican elected official, the Texas Court of Criminal Appeals and Defendant Yeary are required to decide cases and perform their official duties in a non-partisan, non-biased manner. The Texas Code of Judicial Conduct prohibits the Court of Criminal Appeals and Defendant Yeary from making judicial decisions, including those relating to court personnel, based on bias or prejudice such as a person's political views. The Texas Code of Judicial Conduct provides that "[a] judge shall perform judicial duties without bias or prejudice." Canon III(B)(5). Similarly, "[a] judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice . . ." Canon III(B)(6). Similarly, "[a] judge should diligently and promptly discharge the judge's administrative responsibilities without bias or prejudice . . ." Canon III(C)(1).

14. In 2016, Yeary searched online to find Ms. Zuniga's Facebook profile and found that Ms. Zuniga posted comments on Facebook regarding politicians and political issues that were different than his. Some of Ms. Zuniga's Facebook postings expressed support for Democratic candidates and were critical of certain Republican politicians, including Donald Trump. Ms. Zuniga made these Facebook postings in her private capacity as a citizen and not as part of her job duties at the Court.

15. On or about November 9, 2016, the day after the 2016 election in which Donald Trump was elected president, Yeary called Ms. Zuniga into his office and "counseled" her about her

Facebook posts.

16. In 2017, Yeary searched for and reviewed Ms. Zuniga's Facebook page on several occasions and expressed his disapproval to Ms. Zuniga about some of her posts regarding political issues and his disagreement with her political views.

17. On or about September 23, 2017, Defendant Yeary searched Ms. Zuniga's Facebook page and found posts on political topics by Ms. Zuniga that he disapproved of, including posts about Governor Abbott cutting criminal justice funding to Travis County because of its jail policy relating to immigration, Lt. Governor Dan Patrick's statements concerning "sanctuary cities," and President Trump.

18. On or about October 11, 2017, approximately two weeks after Yeary searched Ms. Zuniga's Facebook page and found political posts he disapproved of, Yeary terminated Ms. Zuniga's 14 years of employment at the Court. In the meeting when he terminated Ms. Zuniga, Yeary specifically raised Ms. Zuniga's political Facebook posts and expressed his disapproval of them. Yeary also falsely accused Ms. Zuniga of not recording leave on her September time sheet when she allegedly left the office before 5:00 pm. Citing only those reasons, Yeary terminated Ms. Zuniga's 14 years of employment.

19. After Yeary and the Court of Criminal Appeals terminated Ms. Zuniga's employment, Yeary and the Court fought to keep Ms. Zuniga from obtaining unemployment benefits. Yeary wrote a statement to the Texas Workforce Commission in which he specifically stated that Ms. Zuniga's Facebook postings were a reason for her termination. Yeary wrote that many of her Facebook posts "had a distinct political edge and which indicated what appeared to be clear political biases." While Yeary stated some of Ms. Zuniga's posts used "vulgar" or inappropriate language, Yeary was a supporter of President Trump who has publically used "vulgar"

or inappropriate language on many occasions, and Yeary himself used such language at times in the office.

20. The United States Constitution specifically limits the power of government to infringe on and control the lives of American citizens. The Texas Court of Criminal Appeals is the state's highest criminal appellate court and its judges, including Defendant Yeary, swear to protect and defend the Constitution. The Court and Defendant Yeary knew or should have known of Ms. Zuniga's First Amendment right to speak on matters of public concern. This protection from government retaliation against public employees for speaking on matters of public concern was clearly established at the time Defendant terminated Ms. Zuniga's employment.

21. Ms. Zuniga's interests in free speech under the United States Constitution outweighed any alleged governmental interests of Defendant in the efficient provision of public services. Defendant Yeary posted publicly on social media expressing his political views. On information and belief, Defendant Yeary, other court justices, and employees also have spoken publicly (including on the internet) about matters of public concern, yet their employment was not terminated as Defendant did with Ms. Zuniga.

22. As an employee of the Court of Criminal Appeals and for Defendant Yeary, Ms. Zuniga's job duties did not include anything of a political nature. Ms. Zuniga never scheduled political appointments, drafted political correspondence, or worked on other political matters for Yeary or the Court. Although Ms. Zuniga had access to some internal Court information relating to criminal cases before the Court, that information had no bearing whatsoever on partisan political concerns. Other Court employees also had access to the same or similar internal Court information, but upon information and belief, they were not questioned about their political views or terminated because of political speech like Defendant Yeary terminated Ms. Zuniga. Ms. Zuniga also had no

policymaking duties or role for the Court or Judge Yeary.

23. Ms. Zuniga served as Defendant Yeary's assistant for approximately three years before she was terminated. Before working for Yeary she had worked for the judge that preceded him and worked at the Court of Criminal Appeals for approximately 14 years in total. During both her time working for Judge Yeary and for his predecessor, Ms. Zuniga's political views and her speech as a citizen never caused any disruption of her work, the work of the Court, or otherwise impacted the Court's efficiency. Neither Defendant Yeary nor anyone else at the Court ever told Ms. Zuniga that her Facebook postings or political views in any way effected her performance, her duties, the work of the Court, the work of other Court personnel, or Yeary's own work. Neither Defendant Yeary nor anyone else at the Court ever told Ms. Zuniga that there had been any complaints or concerns raised about her Facebook postings or her political views from litigants, attorneys, other persons doing business with the Court, the general public or other Court personnel. The only complaint was raised by Defendant Yeary himself, and Yeary's concerns were not that Zuniga's posting effected her performance or the workings of the Court. Instead, Yeary's complaints were of a general nature based on the substance and content of Ms. Zuniga's political postings with which he disagreed. Moreover, even after Defendant Yeary expressed his dislike for Ms. Zuniga's postings, he continued to employ her for at least approximately a year or more with no indication or notice of any disruption, lack of efficiency or other problems caused by her postings.

24. Throughout her employment for Defendant Yeary and the Court, Ms. Zuniga expressed her full support for Yeary and the Court. When Yeary took office, Ms. Zuniga posted on Facebook that he and the other new judges who were sworn in "have God in their hearts. Looks like I'll be working for another wonderful Judge, Judge Yeary." **Exhibit A.** Ms. Zuniga was always

willing to work for Defendant Yeary, never expressed any unwillingness to work for him or lack of confidence, and never expressed support for any political opponent of Yeary. Ms. Zuniga was also not related to any political opponent of Defendant Yeary.

25. Defendant's termination of Ms. Zuniga's employment was initiated, conducted and/or approved by Yeary who is a policymaker for the Texas Court of Criminal Appeals and the Place 4 office.

## V.
## CAUSE OF ACTION
## UNITED STATES CONSTITUTION/SECTION 1983

26. The preceding paragraphs are incorporated by reference as if set forth fully herein.

27. Defendant violated the First Amendment to the United States Constitution, and cognizable pursuant to 42 U.S.C. § 1983, including by terminating Ms. Zuniga's employment because of her exercise of the right to free speech and/or political party affiliation.

## VI.
## RELIEF SOUGHT

28. Defendant's illegal actions have caused Plaintiff to suffer actual damages in the form of lost wages and benefits (past and future). Defendant has also caused Plaintiff to suffer compensatory damages, including emotional pain and suffering, loss of standing in the community, damage to reputation, inconvenience, loss of enjoyment of life, mental anguish and other losses. As a result of Defendant's violations of law, Plaintiff requests the Court to enter an order for all actual, economic, compensatory, and other damages or remedies, equitable, statutory or otherwise, and attorney fees, expert fees, expenses and costs, that Plaintiff proves are appropriate.

## VII.
## JURY DEMAND

29. Plaintiff requests a jury trial on all issues so triable.

# VIII.
# PRAYER FOR RELIEF

30. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited and called to answer, and that on final judgment this Court order relief for Plaintiff under the Constitution of the United States and Federal law including:

- a) Damages for lost wages and benefits, past and future;
- b) Compensatory damages;
- c) Damages for emotional distress and mental anguish, past and future;
- d) Attorney fees, expert fees, expenses and costs of suit;
- e) Interest allowed by law;
- f) Reinstatement;
- g) General damages;
- h) Special damages;
- i) A declaration that Defendant violated Plaintiff's rights under the First Amendment of the United States Constitutional and prohibiting Defendant from similarly violating the Constitutional rights of other employees; and
- j) Such other and further relief that is proven to be appropriate.

Respectfully submitted,

CREWS LAW FIRM, P.C.
701 Brazos, Suite 900
Austin, Texas 78701
(512) 346-7077
(512) 342-0007 (Fax)
schmidt@crewsfirm.com


By: /s/ Robert W. Schmidt
Robert W. Schmidt
State Bar No. 17775429
Joe K. Crews
State Bar No. 05072500

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This is to certify on February 14, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing in accordance with the Federal Rules of Civil Procedure to the following counsel representing the defendants in this action:

Emily Ardolino
Office of the Attorney General
PO Box 12548, Capitol Station
Austin, TX 78711-2548
512-320-0667 fax
anna.mackin@oag.texas.gov


By: /s/ Robert W. Schmidt
Robert W. Schmidt