IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OLGA ZUNIGA, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:18-CV-434-RP |
| JUSTICE KEVIN PATRICK YEARY, *in his official and individual capacities*, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Andrew Austin concerning the motion to dismiss filed by Defendant Justice Kevin Patrick Yeary, *in his official and individual capacities* ("Yeary")[1] and order granting of Plaintiff Olga Zuniga's ("Zuniga") motion to strike certain attachments to Yeary's motion to dismiss. (Mot. Dismiss, Dkt. 39; Mot. Strike, Dkt. 43; R&R, Dkt. 53). Under 28 U.S.C. § 636(a)–(b) and Rule 1(c)–(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Austin issued his combined report and recommendation on the motion to dismiss and order granting the motion to strike on February 5, 2020. For the reasons discussed below, the Court reconsiders but does not alter the order on the motion to strike, adopts the report and recommendation on the motion to dismiss as its own order, and accordingly denies Yeary's motion to dismiss.

## I. PROCEDURAL BACKGROUND AND LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a party may request that the district court reconsider a magistrate judge's order determining a nondispositive motion if the party shows that the order is "clearly erroneous or contrary to law." "Clear error exists when although there may be evidence to

---

[1] The Court notes that Yeary is a judge, not a justice as captioned. (*See, e.g.*, Objs., Dkt. 54, at 1).

1

support [the lower court's decision], the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Black v. SettlePou, P.C.*, 732 F.3d 492, 496 (5th Cir. 2013) (quoting *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 569 (5th Cir.2011)). Under 28 U.S.C. § 636(b)(1)(C), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. In de novo review, the Court "conduct[s] an independent review of the entire record and . . . the matters raised by the objections." *Campos v. U.S. Parole Comm'n*, 984 F. Supp. 1011, 1017 (W.D. Tex. 1996), *aff'd,* 120 F.3d 49 (5th Cir. 1997). If the Court is satisfied that the report and recommendation present "an accurate statement of the facts" and "a correct analysis of the law in all material respects," it may adopt the report and recommendation as its own order. *Id.*

Yeary timely filed objections, (Dkt. 54), and Zuniga filed a response to those objections, (Dkt. 55). Therefore, the Court reviews the order on the motion to strike for clear error and the report and recommendation on the motion to dismiss de novo.

Neither Yeary's objection nor Zuniga's response substantively challenges Judge Austin's summary of the events giving rise to this case or description of the parties' claims. (*See* R&R, Dkt. 53, at 1–4). The Court will thus rely on both aspects of Judge Austin's order in its analysis.

## II.  MOTION TO STRIKE

As Judge Austin described, Yeary's motion to dismiss draws on screenshots of Zuniga's Facebook posts, the job posting used to fill Zuniga's position after her termination, and his statement to the Texas Workforce Commission. (*Id.* at 5; Attachs., Dkt. 39-1, 39-2, 39-3). Zuniga filed a motion to strike those exhibits, arguing that Yeary's motion to dismiss relied on "exhibits that are not referred to in Plaintiff's complaint and that are not properly before this Court as part of the motion to dismiss." (Mot. Strike, Dkt. 43, at 1). Judge Austin agreed, concluding that because the

2

"exhibits represent[ed] some of the central evidence in the dispute between Zuniga and Judge Yeary," and "[b]ecause they are disputed, and are not complete," the Court should not "rely on these exhibits without affording Zuniga an opportunity to present her own evidence." (R&R, Dkt. 53, at 7). Yeary now objects that the exhibits' "consideration and incorporation into a review on the pleadings is entirely consistent with Fifth Circuit law." (Objs., Dkt. 54, at 3). He maintains that Judge Austin committed clear error by holding that "Zuniga did not reference the attached Facebook content in her complaint" and that "the Magistrate's order goes a bridge too far in striking the TWC Statement in its entirety." (*Id.* at 4, 8). He does not object to striking the job posting. Zuniga, in her reply, highlights that "most of the exhibits attached to Defendant's motion were not mentioned in any way in Plaintiff's amended complaint," and "[t]o the extent Plaintiff mentioned "Facebook" posts in her complaint, it is impossible for Plaintiff, or this Court, to determine whether the posts that Defendant attached were the actual posts seen or considered by Defendant Yeary in making his decision to terminate Ms. Zuniga." (Reply, Dkt. 55, at 2–3).

A court considering a motion to dismiss must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). The court "take[s] the well-pleaded factual allegations in the complaint as true, but [does] not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). "If a court considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Id.* In this vein, the Fifth Circuit has held that even if affidavits attached to a motion to dismiss "may be considered as an aid to evaluating the pleadings, they should not control to the

extent that they conflict with [the nonmoving party's] allegations." *Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015). Meanwhile, "contracts and medical records attached to a complaint . . . generally trump contradictory allegations in the complaint." *Id.* at 440–41.

Judge Austin explains that "[t]hough Zuniga refers in the Amended Complaint generally to being terminated because of Facebook posts, she does not attach specific posts, nor does she reference any posts with enough specificity to identify them individually." (R&R, Dkt. 53, at 6). Zuniga also mentioned the TWC statement, but not the job posting, in her amended complaint. (*Id.*). In response, Yeary argues that "Zuniga repeatedly references her 'Facebook page' and 'Facebook profile'" and that her "Facebook page is indisputably referenced in her Complaint, and it is central to her claim because it is the 'document' containing the speech at issue and provides the context in which that speech was made." (Objs., Dkt. 54, at 4–5). Yeary lists the Facebook post exhibits and what he sees as their consistency with Zuniga's pleadings. (*Id.* at 5–7). And he notes that the posts' authenticity is not disputed. (*Id.* at 5). In her reply, Zuniga reiterated that she "does not rely heavily on the exhibits attached to Defendant's Motion to Dismiss" in her amended complaint, and "[i]n fact, most of the exhibits attached to Defendant's motion were not mentioned in any way in Plaintiff's amended complaint." (Reply, Dkt. 55, at 2).

The Court finds that Judge Austin did not commit clear error in his reasoning supporting his grant of the motion to strike the Facebook post exhibits. Yeary's characterization of Zuniga's entire Facebook page as the "document" at issue is imprecise, even dispositively so. Specific posts are the "documents," not the entire Facebook page. These documents are not explicitly "referred to" in Zuniga's amended complaint; though they may be "central" to her claims, the standard articulated in *Causey* is conjunctive. 394 F.3d at 288; *cf. Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008) (relying on letters—i.e., entire documents—that were "sufficiently referenced in the complaint"). No party alleges that Yeary terminated Zuniga because of the totality of her social

4

media presence or any unambiguously innocuous posts. Instead, "Zuniga refers in the Amended Complaint generally to being terminated because of Facebook posts"; "she does not attach specific posts, nor does she reference any posts with enough specificity to identify them individually." (R&R, Dkt. 53, at 6). *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("The complaint thus conveys that her referenced exhibits are meant to provide examples only and are not intended to signify exclusive incidents."). As Judge Austin reasoned, the fact that the exhibits are disputed renders the Court's decision not to consider them distinguishable from the Fifth Circuit's willingness to consider documents to which both sides explicitly assented (contracts) or those less amenable to contestation (medical records). *See Bosarge*, 796 F.3d at 440. Were the Court to consider the exhibits in ruling on the motion to dismiss, it would "act[ ] prematurely" by "preclud[ing] the opportunity for Plaintiff by subsequent proof to establish a claim supporting the allegations not refuted by exhibits." *Riley*, 355 F.3d at 377. Ultimately, given the varied Fifth Circuit case law on this issue, the Court is not left with "a definite and firm conviction that a mistake has been committed" by Judge Austin in granting the motion with respect to the Facebook posts. *Black*, 732 F.3d at 496.

Similarly, Judge Austin did not commit clear error in striking the TWC statement. The TWC statement is essentially an affidavit. As in *Bosarge*, "[a]ccepting [Yeary's] unilateral statements as true would deprive [Zuniga] of the presumption of truth to which [s]he is entitled at this stage of the litigation." 796 F.3d at 441.

### III. MOTION TO DISMISS

The Court therefore proceeds to review Judge Austin's decision to deny Yeary's motion to dismiss de novo, without considering the stricken exhibits. Yeary strenuously objects to nearly every aspect of Judge Austin's reasoning. The Court concludes, over those objections, that the report and

recommendation present "an accurate statement of the facts" and "a correct analysis of the law in all material respects." *Campos*, 984 F. Supp. at 1017.

First, the Court addresses Yeary's objection that rather than deny his motion to dismiss, the Court should "insist that [Zuniga] file a reply tailored to an answer pleading the defense of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1433–34 (5th Cir. 1995); (Objs., Dkt. 54, at 16–17). "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434. But *Schultea* recognizes that this procedure is discretionary. The "greater detail" a tailored Rule 7 reply could provide is only necessary if the fundamental questions it seeks to answer are not yet resolved: (1) has the "plaintiff suing a public official . . . file[d] a short and plain statement of his complaint, a statement that rests on more than conclusions alone," *id.* at 1433, and (2) has the plaintiff "state[d] facts, which, if proved, would defeat a claim of immunity," *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018) (quoting *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989))?

Here, no greater detail is required to answer those two questions. Judge Austin appropriately concluded that "Zuniga's complaint states facts which, if proved, would defeat a claim of immunity" because, "[v]iewing the pleadings in the light most favorable to Zuniga, she has pled that Judge Yeary terminated her for engaging in protected speech, and for no other reason." (R&R, Dkt. 53, at 11). "To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." *Charles v. Grief*, 522 F.3d 508, 511 (5th Cir. 2008). As Judge Austin found, Zuniga alleged a violation of a constitutional right. *See id.* ("Terminating an employee for engaging in protected speech . . . is an objectively unreasonable violation of such an employee's First Amendment rights."). And despite Yeary's objection to the contrary, (*see* Objs., Dkt. 54, at 15), the applicable precedent was clearly

established.[2] *See Charles*, 522 F.3d at 511; *see also Cox v. Kaelin*, 577 F. App'x 306, 313 (5th Cir. 2014) ("[T]he Supreme Court has consistently held that governmental officials are forbidden from discharging public employees for their political affiliations."); *Petrie v. Salame*, 546 F. App'x 466, 470 (5th Cir. 2013). Here, "it is plausible from the facts alleged that [Yeary] violated a clearly established constitutional right and his conduct was objectively unreasonable. Accordingly, on the face of the pleadings, [Zuniga] has negated [Yeary's] qualified immunity defense for the purposes of this stage of the proceedings." *Cox*, 577 F. App'x at 313; *cf. Charles*, 577 F. App'x at 512.[3] As Judge Austin stated, "[w]hile Judge Yeary may indeed be entitled to qualified immunity, the Court cannot reach that conclusion based on the facts that the Court must credit in Zuniga's pleading." (R&R, Dkt. 53, at 11–12).

Yeary also challenges the report and recommendation's characterization of his motion to dismiss as primarily or exclusively addressing Zuniga's putative inability to allege causation in her first amendment claim. (Objs., Dkt. 54, at 10 (quoting R&R, Dkt. 53, at 10)). In fact, he argues, he "has not challenged Zuniga's pleadings on causation grounds," but instead "challenge[d] Zuniga's failure to adequately plead that her 'interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency.'" (*Id.* at 10–11); (*see* Mot. Dismiss, Dkt. 39, at 8–18).[4] Even so, Yeary's argument is misplaced. At the motion to dismiss stage, the Court need not consider this prong of the test for First Amendment retaliation claims against state officials. *Miles v. Beckworth*,

---

[2] Yeary, a judge of a state court of last resort, can be considered a "reasonable official." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) ("The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.").
[3] Reviewing a motion for summary judgment, the Fifth Circuit noted that "[w]hether Grief's actions were reasonable depends on his real reason for firing Charles; and the district court determined that Charles had introduced sufficient evidence to establish a genuine issue of material fact as to causation, *viz.*, whether he was fired for (1) being insubordinate (as Grief maintains), or (2) his speech (as Charles insists)."
[4] Yeary's objections cite the source of this quotation as (Mot. Dismiss, Dkt. 39, at 8–18). The precise language he quotes is not present in his motion to dismiss; instead, it is present in multiple cases such as *Modica v. Taylor*, 465 F.3d 174, 180 (5th Cir. 2006).

7

455 F. App'x 500, 504–05 & n.4 (5th Cir. 2011) (citing *Kennedy v. Tangipahoa Par. Library Bd. of Control*, 224 F.3d 359, 366 n.9 (5th Cir. 2000) ("The third element, being the factually-sensitive balancing test that it is, implicates only the summary judgment, not failure to state a claim, analysis.")); *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 220 (5th Cir. 1999) (outlining the four-prong test).

Zuniga meets the remaining prongs. She suffered the quintessential adverse employment decision. *See Harris*, 168 F.3d at 220. Taking her allegations as true for the purposes of the motion to dismiss, her speech involved a matter of public concern. *See id.* And the Fifth Circuit has emphasized that "summary disposition of the causation issue in First Amendment retaliation claims," the fourth prong, "is generally inappropriate." *Haverda v. Hays Cty.*, 723 F.3d 586, 595 (5th Cir. 2013). Consequently, the Court agrees with Judge Austin's recommendation to deny the motion to dismiss.

## IV. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that the report and recommendation of the United States Magistrate Judge, (Dkt. 53), are **ADOPTED**. Yeary's objections, including those concerning the motion to strike, (Dkt. 43), are **OVERRULED**. Yeary's motion to dismiss, (Dkt. 39), is **DENIED**.

**SIGNED** on March 20, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

8